**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ERIC CHARLES HOBBS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-0052-P-BK |
| | § | |
| WILLIAMS STEPHENS, Director | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas

corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge.

For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 2010, after the reversal of his earlier conviction, Petitioner pled guilty to aggravated

assault with a deadly weapon and was sentenced to twenty years' imprisonment. *State v. Hobbs*,

No. F06-71463 (283rd Judicial District Court, Dallas County, Nov. 4, 2010). He did not appeal

and later unsuccessfully sought state habeas relief. *See Ex Parte Hobbs*, No. WR-77,823-01

(Tex. Crim. App. Jul. 11, 2012) (dismissing state habeas application for noncompliance); *Ex*

*Parte Hobbs*, No. WR-77,823-02 (Tex. Crim. App. Nov. 16, 2012) (denying state habeas relief);

*Ex Parte Hobbs*, No. WR-77,823-03 (Tex. Crim. App. Sep. 18, 2013) (dismissing application as

successive).

On January 8, 2015, Petitioner filed the federal habeas petition in this case, claiming the

plea agreement was void due to ineffective assistance of counsel, the state habeas writs were

illegally suspended, he was denied a fair retrial, and he is actually innocent as a result of newly-

discovered evidence.  Doc. 3 at 6-7.  As his federal petition appeared untimely filed, the Court

directed Petitioner to respond regarding the application of the one-year limitations period.  Doc.

7.[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court

may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); Kiser v. Johnson, 163 F.3d 326, 328-329

(5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28

U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition,

starting from "the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such review").  His conviction became final on December

4, 2010 -- 30 days after the November 4, 2010 judgment.  *See* TEX. R. APP. P. 26.2(a)(1).

Therefore, as of October 30, 2011-- when Petitioner signed and presumably handed his first state

application to prison officials for mailing -- 330 days of the one-year limitations period had

already elapsed.  *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013) (prison mailbox rule

applies to state habeas application).  Statutorily tolling the limitations period for the time that

Petitioner's first state application was pending (from its signing on 10/30/2011 through its

dismissal on 7/11/2012), *see* 28 U.S.C. § 2244(d)(2), the one-year period for filing a federal

---

[1] The dates listed were verified through information available on the state court Internet web
pages and the electronic state habeas record obtained through the Texas Court of Criminal
Appeals.

petition expired on August 20, 2012, more than two years before the instant petition was filed in December 2014.[2]

Petitioner contends that his claims, including his actual innocence claim, are based on facts discovered outside the limitations period – namely a May 21, 2013 affidavit from the victim.  Doc. 7 at 6.  However, liberally construing his response to rely on 28 U.S.C. § 2244(d)(1)(D), he fares no better.  Doc. 7 at 6.  Under section 2244(d)(1)(D), the one-year period is calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Here, even assuming Petitioner did not discover the substance of his claims until May 2013, the one-year period commenced to run at the very latest by June 1, 2013, and elapsed on August 14, 2014 (allowing for statutory tolling during the pendency of the third state habeas application, from its signing on 7/6/2013 through its dismissal on 9/18/2013).  But Petitioner did not file the instant federal petition until December 23, 2014, more than four months later.

Additionally, subsections (B) and (C) of section 2244(d)(1) are inapplicable.  Petitioner alleges neither a state-created impediment that prevented timely filing of his claim, nor does he base his claims on any new constitutional right.  Accordingly, this federal petition is clearly outside the one-year statute of limitations absent equitable tooling.

---

[2] The *pro se* federal petition is deemed filed on December 23, 2014, the date on which Petitioner signed it and most probably placed it in the prison mail system.  Doc. 3 at 10.  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).  Statutory tolling is unavailable under 28 U.S.C. § 2244(d)(2) for the second and third state applications, which were signed after the one-year period had expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after the one-year period has expired).

Equitable Tolling

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted); s*ee also Holland v. Florida*, 560 U.S. 631, 635 (2010) (recognizing one-year statutory deadline is subject to equitable tolling in appropriate circumstances). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Petitioner delayed 330 days, more than ten and one-half months, after his conviction was final before applying for state habeas relief. After his writ was deemed procedurally flawed, he delayed an additional 57 days before submitting his new application. His lack of diligence did not end there. Following the denial of the second application, Petitioner waited more than two years before filing this federal petition. Even considering that the factual predicate of his claim accrued in May 2013, he waited more than fifteen months from the time his third application was dismissed as successive until he filed the federal petition in this cause, allowing the limitations period to elapse once again. Petitioner's extended periods of inactivity clearly indicate lack of due diligence. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").

In addition, Petitioner has provided no explanation for the lengthy delays in his case.  He merely states that he is a *pro se* litigant and that his case presents "extenuating circumstances . . . which demonstrate[] ineffective assistance of counsel; denial of compulsory process of law; denial of direct appeal avenues and habeas corpus."  Doc. 3 at 7.  He also claims that he "was isolated in [the] State Prison System without any assistance to perfect a legal challenge after newly discovered evidence . . . was obtained."  Doc. 7 at 2.  His proffered reasons are not compelling.  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Moreover, the fact that in June 2014 the "State Counsel for Offenders declined to assist the Petitioner" with a successive state habeas application does not rise to an extraordinary circumstance that would justify applying equitable tolling.  *See* Doc. 7 at 2-3 and 8.  Petitioner does not have the right to counsel for habeas corpus proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Cousin v. Lensin*, 310 F.3d 843, 849 (5th Cir. 2002).  Likewise, the inadequate assistance from jailhouse lawyers in filing "faulty state writs," Doc. 7 at 3, fails to present any exceptional circumstances.  *See Manning v. Sumlin*, 540 F. App'x 462, 463 (5th Cir. 2013) (no extraordinary circumstances shown based on allegation that the assistance petitioner received from State-provided inmate writ writers was inadequate).  Similarly, the averred

constitutional violations, which allegedly occurred during the underlying state criminal proceedings, Doc. 7 at 1-2, occurred long before Petitioner's conviction became final and, thus, are irrelevant to the issue of equitable tolling.

      Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

*Actual Innocence*

      Despite the fact that Petitioner pled guilty to aggravated assault with a deadly weapon, he requests the Court to consider his actual innocence claim.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

      Assuming, without deciding, that *McQuiggin* applies in the context of a guilty plea, Petitioner presents no newly-discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt.  Relying on the victim's May 2013 affidavit, he asserts defense counsel lied to him "regarding the alleged victim's desire to testify to nonexistent facts underlying the charge of aggravated assault," which coerced him into accepting the 20-year plea bargain offer.  *See* Doc. 7 at 2; Doc. 3 at 6; Doc. 3 at 11-13 (for copies of affidavit and partial transcript).  However, the victim (who was also incarcerated) only averred that he had not

Page **6** of **8**

spoken to defense counsel or a representative about Petitioner's trial.  Doc. 3 at 11-12.  Contrary

to Petitioner's suggestion, the victim's affidavit does not exonerate Petitioner.  Indeed, the

victim's affidavit and attached unsworn statement are silent as to the occurrence of the

aggravated assault and Petitioner's guilt.  *See* Doc. 3 at 11-12.  Moreover, prior to entry of his

guilty plea, Petitioner confessed to intentionally and knowingly threatening the victim with

imminent bodily injury while using or exhibiting a deadly weapon.  *See* Petitioner's Judicial

Confession, WR-77,823-02 at 55.

Based on the above, Petitioner has failed to present a credible claim of actual innocence

by producing new evidence that is sufficient to persuade this Court that "no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct.

at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Accordingly, the "actual

innocence" exception is not applicable to this case, and Petitioner's federal petition should be

dismissed as time barred.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED with prejudice** as barred by the one-year statute of limitations.  28 U.S.C. §

2244(d).

SIGNED April 30, 2015.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE